FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 MAY -2 AM 11: 40

U.S. DISTRICT COURT
SOUTHERN DISTRICT OHIO
EAST DIV. COLUMBUS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 2:24:CR:69 |
| | JUDGE |
| v. | **INDICTMENT** |
| **NICHOLAS PRICE** | 18 U.S.C. § 1343<br>18 U.S.C. § 1956(a)(1)(B)(i)<br>18 U.S.C. § 1957<br>**FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

All dates and times in this Indictment are alleged to be "on or about," "in and around," or "through and including" the specific dates stated.

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant **NICHOLAS PRICE** was a resident of the Southern District of Ohio.

2. Defendant **NICHOLAS PRICE** owned and operated Right PriceIT, LLC, an information-technology business registered in the State of Ohio.

3. Defendant **NICHOLAS PRICE** controlled bank accounts in the name of Right PriceIT, LLC. One of these accounts was a JPMorgan Chase Bank account with an account number ending in x2622 ("the Chase account"). Another was a Wells Fargo Bank account with an account number ending in x9410 ("the Wells Fargo account").

## COUNTS 1–5
## (Wire Fraud)

4. Paragraphs 1 through 3 are incorporated here.

### The ODOT Project

5. In 2019, COMPANY A won a bid to provide electronic equipment to the Ohio Department of Transportation ("ODOT") on one project and won another bid to provide electronic equipment to the Ohio Department of Natural Resources ("ODNR") on another project.

6. Defendant **NICHOLAS PRICE** and COMPANY A entered into an agreement that Right PriceIT, LLC, would provide the equipment required under COMPANY A's contracts with ODOT and ODNR. COMPANY A would pay Right PriceIT, LLC.

7. Defendant **NICHOLAS PRICE** entered into an agreement with SUPPLIER 1 to supply equipment that Right PriceIT, LLC, would resell to COMPANY A related to its contracts with ODOT and ODNR. Right PriceIT, LLC, would pay SUPPLIER 1.

8. On September 21, 2021, ODOT paid COMPANY A $434,885.

9. On October 7, 2021, Defendant **NICHOLAS PRICE** deposited a $420,860 check from COMPANY A into the Chase account. This check was related to the ODOT project.

10. On October 19, 2021, SUPPLIER 1 issued an invoice to Right PriceIT, LLC, for $380,380, related to the ODOT project. The due date of this invoice was November 18, 2021. Defendant **NICHOLAS PRICE** never paid this invoice.

### The ODNR Project

11. On October 1, 2021, SUPPLIER 1 issued an invoice to Right PriceIT, LLC, for $308,482.16, related to the ODNR project. The due date of this invoice was October 31, 2021. Mr. Price never paid this invoice.

2

12. On November 18, 2021, ODNR paid COMPANY A $491,204.44.

13. On November 26, 2021, Defendant **NICHOLAS PRICE** deposited a $473,948.75 check from COMPANY A into the Chase account. This check was related to the ODNR project.

14. Between the two invoices, Defendant **NICHOLAS PRICE**, through Right PriceIT, LLC, owed SUPPLIER 1 $688,862.16.

15. Between November 17, 2021, and December 20, 2021, Defendant **NICHOLAS PRICE** withdrew approximately $696,000 from the Chase account in the form of wire transfers and cash withdrawals.

## The Two Customers

16. In June 2022, Defendant **NICHOLAS PRICE** and SUPPLIER 2 entered into an agreement under which SUPPLIER 2 would supply computer equipment to two customers of Right PriceIT, LLC. The two customers would pay Right PriceIT, LLC, and Right PriceIT, LLC, in turn would pay SUPPLIER 2.

17. On July 25, 2022, Defendant **NICHOLAS PRICE** deposited a $63,127.23 check from CUSTOMER 1 into the Chase account.

18. On November 28, 2022, Defendant **NICHOLAS PRICE** deposited a $27,140 check from CUSTOMER 2 into the Wells Fargo account.

19. Defendant **NICHOLAS PRICE** never paid any portion of these funds to SUPPLIER 2.

## The ODRC Project

20. In 2022, COMPANY B won a bid to provide electronic equipment to the Ohio Department of Rehabilitation and Correction ("ODRC").

21. Defendant **NICHOLAS PRICE** and COMPANY B entered into an agreement that Right PriceIT, LLC, would provide the equipment required under COMPANY B's contract with ODRC. COMPANY B would pay Right PriceIT, LLC.

22. Defendant **NICHOLAS PRICE** entered into an agreement with SUPPLIER 3 to supply equipment that Right PriceIT, LLC, would resell to COMPANY B related to its contract with ODRC. Right PriceIT, LLC, would pay SUPPLIER 3.

23. On September 28, 2022, SUPPLIER 3 issued an invoice to Right PriceIT, LLC, for $646,179.70, related to the ODRC project. Defendant **NICHOLAS PRICE** never paid this invoice.

24. On December 6, 2022, ODRC paid COMPANY B $710,800.04.

25. On December 22, 2022, Defendant **NICHOLAS PRICE** deposited a $685,850.92 check from COMPANY B into the Wells Fargo account. This check was related to the ODRC project.

26. On January 27, 2023, Defendant **NICHOLAS PRICE** sent five wire transfers, each of them greater than $20,000 (and all of them totaling more than $500,000), from the Wells Fargo account. None of the wires was for the benefit of SUPPLIER 3.

## The Scheme to Defraud

27. From at least September 2021 through at least January 2023, in the Southern District of Ohio and elsewhere, Defendant **NICHOLAS PRICE**, knowingly and with the intent to defraud, devised and intended to devise a scheme to defraud, and to deprive another of money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions.

28. It was part of the scheme to defraud that Defendant **NICHOLAS PRICE** knowingly made and caused to be made materially false representations to businesses and

4

individuals to fraudulently obtain and retain money, including false representations about the ways funds would be used and were used.

29. It was further part of the scheme to defraud that Defendant **NICHOLAS PRICE** obtained funds and caused funds to be obtained from businesses and individuals by falsely representing that Right PriceIT, LLC, would retain a portion of the funds as its business revenue and use the balance of the funds to pay suppliers for the equipment they provided. Contrary to those representations, Defendant **NICHOLAS PRICE** intended to and did embezzle, steal, obtain by fraud, misappropriate, and knowingly convert funds for his personal benefit.

## The Wires

30. On each of the dates listed below for each count, in the Southern District of Ohio and elsewhere, Defendant **NICHOLAS PRICE**, for the purpose of executing and attempting to execute the scheme to defraud described above, and in furtherance of the scheme to defraud, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, signals and sounds, as described for each count as follows:

| Count | Date | Description of Wire |
|---|---|---|
| 1 | October 7, 2021 | Wire communication as part of the process to deposit a $420,860 check from COMPANY A into the Chase account, related to the ODOT project |
| 2 | November 26, 2021 | Wire communication as part of the process to deposit a $473,948.75 check from COMPANY A into the Chase account, related to the ODNR project |
| 3 | July 25, 2022 | Wire communication as part of the process to deposit a $63,127.23 check from CUSTOMER 1 into the Chase account |
| 4 | November 28, 2022 | Wire communication as part of the process to deposit a $27,140 check from CUSTOMER 2 into the Wells Fargo account |
| 5 | December 22, 2022 | Wire communication as part of the process to deposit a $685,850.92 check from COMPANY B into the Wells Fargo account, related to the ODRC project |

**All in violation of 18 U.S.C. § 1343.**

## COUNTS 6–20
### (Concealment Money Laundering)

31. Paragraphs 1 through 30 are incorporated here.

32. On each of the dates listed below for each count, in the Southern District of Ohio and elsewhere, Defendant **NICHOLAS PRICE** did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity—that is, wire fraud—knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that, while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 6 | November 17, 2021 | Withdrawing $70,000 from the Chase account |
| 7 | November 18, 2021 | Sending a wire transfer in the amount of $50,000 from the Chase account |
| 8 | November 19, 2021 | Sending a wire transfer in the amount of $50,000 from the Chase account |
| 9 | November 19, 2021 | Withdrawing $50,000 from the Chase account |
| 10 | November 26, 2021 | Withdrawing $40,000 from the Chase account |
| 11 | November 29, 2021 | Withdrawing $70,000 from the Chase account |
| 12 | December 2, 2021 | Withdrawing $41,000 from the Chase account |
| 13 | December 3, 2021 | Withdrawing $150,000 from the Chase account |
| 14 | December 8, 2021 | Withdrawing $125,000 from the Chase account |
| 15 | December 14, 2021 | Sending a wire transfer in the amount of $25,000 from the Chase account |

| 16 | January 27, 2023 | Sending a wire transfer in the amount of $100,000 from the Wells Fargo account |
| 17 | January 27, 2023 | Sending a wire transfer in the amount of $20,988.20 from the Wells Fargo account |
| 18 | January 27, 2023 | Sending a wire transfer in the amount of $166,800 from the Wells Fargo account |
| 19 | January 27, 2023 | Sending a wire transfer in the amount of $162,211.80 from the Wells Fargo account |
| 20 | January 27, 2023 | Sending a wire transfer in the amount of $65,000 from the Wells Fargo account |

**All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).**

## COUNTS 21–35
### (Monetary Transaction Money Laundering)

33. Paragraphs 1 through 30 are incorporated here.

34. On each of the dates listed below for each count, in the Southern District of Ohio and elsewhere, Defendant **NICHOLAS PRICE** did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity—that is, wire fraud:

| Count | Date | Monetary Transaction |
|---|---|---|
| 21 | November 17, 2021 | Withdrawing $70,000 from the Chase account |
| 22 | November 18, 2021 | Sending a wire transfer in the amount of $50,000 from the Chase account |
| 23 | November 19, 2021 | Sending a wire transfer in the amount of $50,000 from the Chase account |
| 24 | November 19, 2021 | Withdrawing $50,000 from the Chase account |
| 25 | November 26, 2021 | Withdrawing $40,000 from the Chase account |
| 26 | November 29, 2021 | Withdrawing $70,000 from the Chase account |
| 27 | December 2, 2021 | Withdrawing $41,000 from the Chase account |
| 28 | December 3, 2021 | Withdrawing $150,000 from the Chase account |
| 29 | December 8, 2021 | Withdrawing $125,000 from the Chase account |
| 30 | December 14, 2021 | Sending a wire transfer in the amount of $25,000 from the Chase account |
| 31 | January 27, 2023 | Sending a wire transfer in the amount of $100,000 from the Wells Fargo account |
| 32 | January 27, 2023 | Sending a wire transfer in the amount of $20,988.20 from the Wells Fargo account |

9

| 33 | January 27, 2023 | Sending a wire transfer in the amount of $166,800 from the Wells Fargo account |
|---|---|---|
| 34 | January 27, 2023 | Sending a wire transfer in the amount of $162,211.80 from the Wells Fargo account |
| 35 | January 27, 2023 | Sending a wire transfer in the amount of $65,000 from the Wells Fargo account |

**All in violation of 18 U.S.C. § 1957.**

## FORFEITURE ALLEGATION

35. Paragraphs 1 through 34 are realleged here.

36. Upon conviction any of the offenses alleged in the Indictment, Defendant **NICHOLAS PRICE** shall forfeit to the United States, all of his right, title, and interest in:

  a. any property, real or personal, constituting or derived from proceeds traceable to any offense in violation of 18 U.S.C. § 1343 as alleged in this Indictment, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and/or

  b. any property, real or personal, involved in any offense in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957 as alleged in this Indictment, or any property traceable to such property, in accordance with 18 U.S.C. § 982(a)(1);

including, but not limited to, a sum of money equal to $1,408,113.51 in United States Currency.

37. <u>Substitute Assets</u>: If, as a result of any act or omission of Defendant **NICHOLAS PRICE**, the forfeitable property so described, or any portion thereof:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

10

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **NICHOLAS PRICE** up to the value of the forfeitable property.

**Forfeiture notice in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, 18 U.S.C. § 982(a)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

A TRUE BILL

<u>s/Foreperson</u>
**FOREPERSON**

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

_____
**PETER K. GLENN-APPLEGATE (0088708)**
**Assistant United States Attorney**