### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-cr-69** |
| **v.** | **JUDGE SARGUS**<br>**MAGISTRATE JUDGE DEAVERS** |
| **NICHOLAS PRICE** | **Memorandum of the United States in Support of Revocation of Release** |

Pursuant to 18 U.S.C. § 3148, the United States files this memorandum in support of revoking Defendant Nicholas Price's release. Mr. Price previously was released subject to certain conditions. Since then, he has committed new crimes and has violated other conditions of his release. The Court should revoke his release and enter an order of detention.

### BACKGROUND

On March 6, 2024, Mr. Price was arrested after having been charged by Criminal Complaint with Concealment Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and Wire Fraud, in violation of 18 U.S.C. § 1343. (Complaint, R.1.) Two days later, Magistrate Judge King held a detention hearing, after which she ordered Mr. Price's release subject to certain conditions. (Release Order, R.8.) As relevant here, she ordered him to "not violate any federal, state, or local law while on release," and to "not use or unlawfully possess a narcotic drug or other controlled substance." (*Id.* at 18–19.) Magistrate Judge King also ordered Mr. Price to complete an inpatient substance-abuse treatment program and stayed his release pending the availability of a bed in the treatment program. (*Id.* at 20, 23.) While he awaited treatment, Mr. Price was detained in a local jail.

On May 2, 2024, a grand jury in this District returned an Indictment charging Mr. Price with 5 counts of Wire Fraud, in violation of 18 U.S.C. § 1343; 15 counts of Concealment Money

Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and 15 counts of Monetary Transaction Money Laundering, in violation of 18 U.S.C. § 1957. (Indictment, R.17.)

The Pretrial Services Office has since filed two Bond Violation Reports. In a June 14, 2024 report, the Pretrial Services Officer informed the Court that Mr. Price had tested positive for methamphetamine and cocaine. In a July 18, 2024 report, the Pretrial Services Officer reported that police had twice caught Mr. Price driving recklessly in luxury cars, including one instance that sent himself and another person to the hospital.

In response to the alleged violations, the Court has scheduled a Show Cause Hearing for July 31, 2024. (Notice of Hearing, R.29.)

## ARGUMENT

When a defendant is alleged to have violated a condition of his release, he has a right to a hearing to determine whether his release should be revoked. 18 U.S.C. § 3148(a)–(b). At the hearing, the judge "*shall* enter an order of revocation and detention" if she finds either "probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing evidence that the person has violated any other condition of release," and also finds either that no conditions of release will keep the community safe or that the person is unlikely to abide by any conditions of release. 18 U.S.C. § 3148(b)(1)–(2) (emphasis added).

Following the revocation hearing in this case, the Court should find both probable cause that Mr. Price has engaged in new criminal activity and clear and convincing evidence that he has violated other conditions of release. He has committed new crimes, obstructed justice in connection with his pending case, and repeatedly abused illegal substances. The United States is prepared to establish the following facts at the hearing:

*New crimes.* In the July 18, 2024 Bond Violation Report, the Pretrial Services Officer informed the Court that Mr. Price had been involved in two instances of dangerous driving. On May 11, 2024, Mr. Price was caught driving a Lamborghini at 129 mph in a 65 mph zone. He has pleaded guilty to a speed violation. On July 12, 2024, Mr. Price again drove recklessly in a luxury car. A redacted version of the police report from the second incident is attached here as Exhibit 1.

Shortly after midnight, a Dublin police officer was working patrol near the intersection of Sawmill Road and Hard Road. (Exhibit 1 at 7.) When a traffic light changed from red to green, the officer saw a Ferrari F8 Spider rapidly accelerate, "peeling his tires, and burning out from the intersection." (*Id.*) The officer turned on his lights to conduct a traffic stop. (*Id.*) Mr. Price, who was driving the Ferrari, sped away from the officer. (*Id.*) Consistent with Dublin police policy, the officer did not pursue, but continued to watch the Ferrari. (*Id.*) The officer estimated that Mr. Price was traveling at more than 100 mph when he crashed into two vehicles at another intersection. (*Id.*) In the words of the report, the skin above Mr. Price's right eye "was completely missing in an approximately three to four inch by two inch area. Mr. Price's skull was visible, and he was bleeding heavily from the laceration." (*Id.* at 8.) The driver of one of the other cars also suffered serious lacerations and had to be removed from his car with the jaws of life. (*Id.*) Mr. Price and this driver were transported to a local hospital. (*Id.*) Both medics and the police officer noted that Mr. Price's breath smelled strongly of alcohol. (*Id.* at 8–9.) Mr. Price later reported to Pretrial Services that he had fentanyl in his system, but he was not sure whether he had taken it himself or whether he had received it during his treatment after the crash. The United States is awaiting the toxicology report from the hospital. Mr. Price was under arrest that night, but at the time of this filing, it appears that no local criminal charges have yet been filed.

Both on the night of the crash and in his conversations with his Pretrial Services Officer, Mr. Price had little memory of the crash or the events leading up to it. (*See id.* at 8–9.) Based on these facts, the Court should find probable cause that Mr. Price has committed a crime while on release.

*Obstruction of justice.* On the same day as his detention hearing in this case, Mr. Price obstructed justice. Following the hearing, Mr. Price was detained in Franklin County Jail while he waited to start inpatient treatment. On March 8, 2024, he called a family member at 6:25 p.m. on a recorded jail call. During the call, he tells the family member that he wants them to write something down, and then provides them an Apple ID and password. He tells them to "call [PERSON A] right now," and says, "tell him to get on there, on iCloud, and erase." The United States intends to play a portion of this recorded call during the revocation hearing.

The following morning, Mr. Price called PERSON A. He asks PERSON A if he had heard "from my [family member] last night." PERSON A says yes. Mr. Price asks, "Did you take care of that?" PERSON A affirmatively replies, "mhm." The United States also intends to play a portion of this call during the hearing.

Following these calls, the United States obtained non-content records from Apple for the Apple ID that Mr. Price mentioned in the March 8 call. The relevant records are attached here as Exhibit 2. The United States requested records covering the period from January 1, 2020, through March 18, 2024. (*See* Exhibit 2 at 1.) Notably, however, the records showed no backup activity before March 9, 2024—the day Mr. Price called PERSON A—followed by regular backup activity starting March 9. (*Id.*) It appears that Mr. Price gave instructions regarding how to delete his iCloud account to his family member to pass along to PERSON A, who then carried out those instructions. These facts establish probable cause that he has committed a new crime.

4

*Substance abuse.* In his interview with Pretrial Services before his detention hearing, Mr. Price described a lengthy substance abuse history. He said that within the two months before his arrest, he had used marijuana, mushrooms, ecstasy, and methamphetamine. In part due to this information, Magistrate Judge King ordered him to complete an inpatient substance-abuse treatment program. (Release Order, R.8 at 20.) She also directed him not to use any controlled substances while on release and, upon completion of the inpatient program, to continue substance-abuse treatment. (*Id.* at 19–20.)

In the June 14, 2024 report, the Pretrial Services Officer reported that a sweat patch applied to Mr. Price's arm in late May returned as positive for methamphetamine. The report also detailed that he tested positive for cocaine and methamphetamine during required testing for his child custody case in Union County. The United States is still gathering details about Mr. Price's substance use at the time of his July 12, 2024 crash, but the available evidence indicates he may have been under the influence. This evidence of substance abuse establishes clear and convincing evidence that Mr. Price has violated his conditions of release.

Taken together, these three categories of violations establish that no conditions of release will keep the community safe and that Mr. Price is unlikely to abide by any conditions of release. The United States respectfully requests that the Court revoke Mr. Price's release and order him detained following the revocation hearing.

5

## CONCLUSION

For these reasons, the Court should enter an order of revocation and detention following the revocation hearing.

**Respectfully submitted,**

KENNETH L. PARKER
United States Attorney


s/ Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: peter.glenn-applegate@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of the United States in Support of Revocation of Release was served this 29th day of July, 2024, electronically upon counsel for the Defendant.

s/Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney